UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JUDY HOWE,**

    **Plaintiff,**                              Case No. 02-CV-70439-DT

v.                                            HONORABLE DENISE PAGE HOOD

**COMMISSIONER OF
SOCIAL SECURITY,**

    **Defendant.**

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION**

The matter before the Court is Magistrate Judge Wallace Capel, Jr.'s Report and Recommendation dated February 16, 2006. Defendant filed a timely objection on March 2, 2006. The Magistrate Judge recommended that this Court grant Plaintiff's Motion for Summary Judgment in part, deny Defendant's Motion for Summary Judgment, and remand the case for proceedings consistent with the Report.

**I.  STANDARD OF REVIEW**

Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made by the Commissioner are supported by substantial evidence, and deciding whether the Commissioner employed the proper legal criterial in reaching his conclusion. *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide the questions of credibility. *Garner*, 745 F.2d at 397. The decision of

the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1989). An administrative decision must be affirmed if supported by substantial evidence, even if the Court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147 (8th Cir. 1984)). Substantial evidence means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla of evidence, but less than a preponderance of evidence. *Brainard v. Secretary of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

## II. BACKGROUND

For the purpose of this Order, the Court adopts the factual background as explained by the Magistrate Judge. (R&R at 2-12).

## III. ANALYSIS

### A. MAGISTRATE JUDGE'S ANALYSIS

The Court has had an opportunity to review the matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons. The Magistrate Judge, in reviewing the ALJ's findings for substantial evidence, agreed with the ALJ on a number of issues, finding only harmless error with respect to the credibility and mental limitations issues. The Magistrate Judge, however, did take issue with one portion of the ALJ's findings; namely, Plaintiff's need for rest during the day. (R&R at 11, 16-17). The Magistrate Judge concluded that "the ALJ's adverse decision was deprived of substantial evidentiary support because he failed to evaluate all the evidence of record relating to Plaintiff's alleged need to nap." (R&R at 20).

In determining whether the ALJ had sufficient evidence to conclude that Plaintiff was not

disabled, the pertinent analysis is to ask whether a reasonable mind would accept as support for the ALJ's conclusions the evidence in the record absent a determination of the fact that Plaintiff may require a two to three hour nap nearly every day. *Perales*, 402 U.S. at 401. The Court agrees that the Magistrate Judge properly concluded that there is insufficient evidence in this regard and that there is not substantial evidence to conclude that Plaintiff is not disabled absent a determination as to Plaintiff's need for midday rest.

B.  DEFENDANT'S OBJECTIONS

Defendant objects to the Magistrate Judge's Report and Recommendation arguing that the Magistrate Judge was mistaken in relying upon a singular, subjective symptom - Plaintiff's alleged need for rest during the day - as the sole basis for recommending the Court remand the case to the ALJ. Defendant argues that the Court should reject this assessment as inconsistent with the rest of the Magistrate Judge's opinion given that the Magistrate Judge deemed the remaining reasoning by the ALJ satisfactory. Finally, Defendant cites *Johansen v. Barnhart*, 314 F.3d 283, 287 (7th Cir. 2002), for the proposition that an ALJ need not address every piece of evidence.

The relevant analysis in this case is whether a reasonable mind might accept the evidence on the record absent a determination as to Plaintiff's alleged need for midday rest as support for the conclusion that Plaintiff was not disabled. This becomes especially pertinent given the testimony of a Vocational Expert ("VE") who identified what jobs someone of Plaintiff's limited physical capacity could perform without the need for midday rest. The hypothetical presented to the VE was altered, asking his opinion as to the availability of those same positions, now in the context wherein "a person would be unable to complete an eight hour work day, without taking an additional one hour rest some time during the time that would otherwise be spent working, that wasn't a lunch hour

or coffee break...." (Tr. at 387). When asked whether one in that situation would be able to perform any of the job duties previously identified, the VE responded in the negative, thus rendering Plaintiff disabled. *Id.* In light of this evidence, this Court finds that a reasonable mind cannot, absent a resolution of the issue of midday rest, find sufficient support to conclude that Plaintiff is not disabled.

### C. REMAND VERSUS BENEFITS

As stated by the Magistrate Judge, the standard for determining whether the appropriate remedy in this matter is to grant benefits to a plaintiff or to remand the matter to the ALJ for a factual determination under 42 U.S.C. § 405 (g) is found in *Mowery v. Heckler*, 771 F.2d 966 (6th Cir. 1985). "In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly, erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking. *Id.* at 973. *See Vansickle v. Comm'r of Social Security*, 277 F. Supp. 2d 727, 732-33 (E.D. Mich. 2003); *c.f. Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171 (6th Cir. 1994) ("[i]f a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits").

The Magistrate Judge found that the reasons the ALJ's decision lacked substantial evidentiary support was because the ALJ did not evaluate "all the evidence of record relating to Plaintiff's alleged need to nap." (R&R at 20). The Court disagrees with the Magistrate Judge's recommendation that the matter be remanded for further finding by the ALJ on this issue. The Court finds that upon examination of the entire record, there is sufficient evidence to make a determination

of Plaintiff's need to nap throughout the day and that "proof of disability is overwhelming[] or proof of disability is strong and the evidence to the contrary is lacking." *Mowery*, 771 F.2d at 973.

The evidence of Plaintiff's disability and the need for mid-day rest is overwhelming. The evidence in the record is pervasive that Plaintiff has fibromyalgia, chronic fatigue, and needs to nap throughout the day. (Tr. at 1-4, 97, 157-59, 162, 165, 269, 270, 278, 282, 298, 300, 302, 317, 333, 337, 349-51, 354, 359, 362, 387). This evidence comes by way of testimony and medical examination. *Id.* Further, Plaintiff's fibromyalgia, pain, and insomnia has only worsened over time. (See, e.g., Tr. at 302). The ALJ and the Commissioner's response questioning Plaintiff's credibility on account that Plaintiff "has not required hospitalization, surgical intervention or other types of aggressive treatment that would be expected in the case of a truly incapacitating condition" is not supported by the record. (Tr. at 15, ¶ 4).

While there is nothing in the record indicating that Plaintiff has been hospitalized, undergone surgery, or undertaken any other form of aggressive treatment as asserted by the Commissioner, none of Plaintiff's treating physicians ever referred or presented to Plaintiff the need for hospitalization, surgical, or other type of aggressive treatment. There is no evidence that hospitalization or surgery is required to treat fibromyalgia, chronic fatigue and insomnia. In fact, given the evidence in the record, increasing levels of exercise may in fact constitute aggressive treatment for someone suffering fibromyalgia and chronic fatigue. The Court does not believe that additional fact-finding is required and that the record is sufficient to a finding of disability and that the fact that Plaintiff does not require a nap during the day lacks evidence. *See, Mowery*, 771 F.2d at 973; *Vansickle*, 277 F.Supp.2d at 732-33.

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Wallace Capel, Jr. **(Docket No. 18, filed February 16, 2006)** is ACCEPTED and REJECTED IN PART as more fully set forth above.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment **(Docket No. 16, filed September 24, 2005)** is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **(Docket No. 17, filed October 20, 2005)** is DENIED.

IT IS FURTHER ORDERED that this case is REMANDED for award of benefits.

    /s/ DENISE PAGE HOOD  
DENISE PAGE HOOD  
United States District Judge

DATED: May 8, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 8, 2006, by electronic and/or ordinary mail.

s/William F. Lewis  
Case Manager

2:02-cv-70439-DPH-WC   Doc # 20   Filed 05/08/06   Pg 7 of 7    Pg ID 100